SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY PE D.C.
Oct 12, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No. 22-CR-20169-JEM

UNITED STATES OF AMERICA

vs.

ACISCLO VALLADARES URRUELA,

Defendant.
_________________________________/

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO UNITED STATES SENTENCING GUIDELINES SECTION 5K1.1 AND TITLE 18, UNITED STATES CODE, SECTION 3553(e), AND AGREEMENT TO VARIANCE REQUESTED BY DEFENDANT**

Pursuant to United States Sentencing Guidelines ("Guidelines" or U.S.S.G.) Section 5K1.1 and Title 18, United States Code, Section 3553(e), the United States of America hereby submits this motion in moving for a downward departure from the sentence of defendant ACISCLO VALLADARES URRUELA ("VALLADARES"), in order to reflect his substantial assistance in the prosecution of a co-conspirator and other endeavors helpful to U.S. law enforcement. The government recommends that VALLADARES's sentence be reduced 35% from the bottom of the Guidelines range applicable to him, specifically from 51 months' incarceration to 33 months' incarceration. In addition, for the reasons stated in the defendant's sentencing submission, including the need to avoid unwarranted sentencing disparities with other co-conspirators, the government agrees that a variance is merited and recommends a variance of 5 months, which ultimately yields a sentence of 28 months' incarceration. The government respectfully submits that 28 month's incarceration is the appropriate sentence in this matter. In support of this motion for a reduction pursuant to cooperation, the government states the following:

## I. BACKGROUND

1. An Information charging VALLADARES with participating in a money laundering conspiracy, in violation of 18 U.S.C. §§ 1956 and 1957, was filed on April 26, 2022. He surrendered to this District in mid-2020 after having been charged by complaint and pled guilty to the sole charge in the Information on July 19, 2022. The Court has set the sentencing hearing for VALLADARES for October 13, 2022.

2. VALLADARES, a Guatemalan citizen, participated in a money laundering conspiracy during his time as a corporate officer for one of the main Guatemalan cellular telephone companies (TIGO) and the Presentence Investigation Report ("PSI") contains an accurate description of VALLADARES's role. In summary, VALLADARES was employed as a corporate officer of TIGO. During the time period of the Information, senior executives of TIGO directed him, in his capacity as corporate officer, to obtain cash to be used for the benefit of TIGO, which cash was used to bribe Guatemalan government officials and otherwise conduct questionable operations for TIGO. To carry out the executives' instructions and secure cash for TIGO, VALLADARES agreed with others to engage in a series of transactions that benefited TIGO and that involved both Guatemalan and U.S. financial institutions.

3. These transactions involved money VALLADARES knew or should have known to be the proceeds of some kind of unlawful activity. ( If this matter proceeded to trial, the government would prove that at least some of the money in fact was derived from, among other things, an offense against a foreign nation, specifically Guatemala, involving bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official.) Among the transactions undertaken during this scheme, in or about December 2017, VALLADARES wired or caused to be wired to entities in the U.S. approximately $350,000.

(VALLADARES became Economy Minister after his position with TIGO in early 2018 and, though the scheme continued as noted in the Information after the time that VALLADARES joined the Guatemalan government, he did not take actions to further the scheme once he left TIGO's employment.)

4. Taking into account his salary and earnings as a corporate officer within the time period of the Information, VALLADARES personally earned and was personally responsible for engaging in unlawful monetary transactions of at least $140,000 as a part of the offense. VALLADARES agreed to forfeit $140,000 as part of his conviction and that payment has been satisfied.

## II. THE DEFENDANT'S COOPERATION

5. In 2020, VALLADARES learned that he was charged by complaint and he retained U.S. counsel to effectuate his surrender, promptly also offering to cooperate. It should be noted that U.S. law enforcement advised that there was a credible threat of danger to VALLADARES in Guatemala as there was a belief that his cooperation would lead to an exposure of corruption at high levels of government and business. This information was communicated to VALLADARES and he took a number of precautions, hiding his location, not utilizing certain electronic devices, and traveling to the U.S. clandestinely by crossing into Mexico and then across the southern U.S. border. Once in the U.S., VALLADARES attended multiple debriefing sessions (sometimes called "proffers"). During those proffers, VALLADARES truthfully admitted his involvement in the money laundering conspiracy. He also discussed his co-conspirators and their unlawful conduct, which information was utilized by U.S. law enforcement as described in more detail below.

6. Among the co-conspirators that VALLADARES discussed was Co-Conspirator 1

("CC1"), a money launderer with connections to both the business community and narcotics traffickers in Guatemala. Utilizing information from VALLADARES, among other evidence, the government conducted an investigation that ultimately resulted in sufficient evidence to be able to charge CC1 and obtain his extradition to this District. For strategic reasons and other ongoing investigations that the government is conducting, the government has decided not to charge CC1 yet, but charging is expected in the near future. VALLADARES stands ready and willing to testify against CC1 but such cooperation does not appear to be necessary at this time. When sentenced, CC1 will face a Guidelines range similar to VALLADARES.

7. Beyond the prosecution discussed above, VALLADARES provided information and intelligence about a variety of other money laundering co-conspirators, as well as information and intelligence about money laundering and corruption in the banking and political communities in Guatemala. For example, VALLADARES was able to provide a list of names of politicians who had received bribes from the money laundering scheme. He was also able to provide information about the corporate directors who directed him at TIGO, the Miami companies that were involved in the laundering, and certain bankers and lawyer who helped facilitate the money movements.

8. It is possible that some of the additional information provided by VALLADARES about money laundering and other corruption may be useful for other charges and prosecutions in the future, though it is presently unclear whether anything will materialize that would give VALLADARES the opportunity to further reduce his sentence. Each of those other areas of investigation has faced obstacles not due to anything related to VALLADARES. For example, the government was liaising with the lead corruption prosecutor in Guatemala and provided him a list of names of legislators and other politicians who had received bribes during the scheme. But

shortly after that list was given, the prosecutor was dismissed by the Guatemalan attorney general and the U.S. and Guatemalan government became estranged, thereby closing off that avenue of investigation.

9. The ongoing investigation into the corporate directors of TIGO is still very active and arguably the most likely matter to bear fruit in the future, especially as there is a parallel investigation being conducted in Washington D.C. by trial attorneys with the Foreign Corrupt Practices Act section of the Department of Justice. But it is far from certain whether charges will ultimately result and, if they do, it is unclear whether VALLADARES's continued cooperation will be necessary at that time.

10. Thus, the government does not anticipate any further reductions for VALLADARES unless his testimony is needed at a trial. That said, the government has found this additional intelligence and evidence helpful and respectfully submits that the Court should consider that in fashioning the appropriate sentence for VALLADARES.

## III. CONCLUSION

11. The government is willing to further elaborate on the nature and quality of this assistance at the sentencing hearing, if the Court so desires. However, the parties are in agreement that VALLADARES's substantial assistance merits a downward departure.

12. Based on his cooperation, the United States believes that VALLADARES's sentence should be reduced by 35% of his Guidelines sentence, specifically to 33 months' incarceration. In addition, for the reasons stated in the defendant's sentencing submission, including the need to avoid unwarranted sentencing disparities with other co-conspirators, the government agrees that a variance is merited and recommends a variance of 5 months, which ultimately yields a sentence of 28 months' incarceration. The government respectfully submits

that 28 month's incarceration is the appropriate sentence in this matter. The government has discussed this motion with the defendant and expects that he will argue at sentencing for a greater reduction.

13. Finally, as this motion discusses ongoing investigations, and because there is a potential for danger for VALLADARES and his family if the specifics of his cooperation were revealed, the government respectfully requests that this motion be filed under seal.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: Walter M. Norkin

WALTER M. NORKIN
Assistant United States Attorney
Court ID No. A5502189
99 NE 4th Street, Room 718
Miami, Florida 33132-2111
Tel: (305) 961-9406

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2022, the undersigned filed the foregoing document with the Clerk of the Court under seal and served a copy upon defense counsel of record via email.

Walter M. Norkin

Walter M. Norkin
Assistant United States Attorney